UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW GOGEL,

     Plaintiff,

v.                          Case No.:  2:20-cv-366-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

**<u>OPINION AND ORDER</u>**

Plaintiff Matthew Gogel filed a Complaint on May 20, 2020.  (Doc. 1).
Plaintiff seeks judicial review of the final decision of the Commissioner of the Social
Security Administration ("SSA") denying his claim for a period of disability,
disability insurance benefits, and supplemental security income.  The Commissioner
filed the transcript of the administrative proceedings (hereinafter referred to as "Tr."
followed by the appropriate page number), and the parties filed a joint memorandum
detailing their respective positions.  (Doc. 21).  For the reasons set forth herein, the
decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social
Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity
by reason of any medically determinable physical or mental impairment that can be
expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II.   Procedural History

Plaintiff filed a claim for a period of disability, disability insurance benefits, and supplemental security income on January 5, 2018, alleging a disability onset date of September 18, 2017.  (Tr. at 15).[1]  Plaintiff's claim was denied at the initial level on April 20, 2018, and upon reconsideration on July 23, 2018.  (*Id.*).  Plaintiff requested an administrative hearing, which was held on July 16, 2019, before Administrative Law Judge ("ALJ") Raymond Rodgers.  (*Id.* at 36-56).  The ALJ issued an unfavorable decision on August 12, 2019.  (*Id.* at 12-35).  On March 30, 2020, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-6).  Plaintiff then filed his Complaint with this Court on May 20, 2020, (Doc. 1), and the parties

---

[1]  The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017).  The new regulations apply in Plaintiff's case because Plaintiff filed his claim after March 27, 2017.

consented to proceed before a United States Magistrate Judge for all purposes, (Docs. 16, 19).  The matter is, therefore, ripe.

### III.     Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff "meets the insured status requirements of the Social Security Act through June 30, 2022." (Tr. at 17).  At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since September 18, 2017, the alleged onset date (20 [C.F.R. §§] 404.1571 *et seq.*, and 416.971 *et seq.*)." (*Id.*).  At step two, the ALJ found that Plaintiff has the following severe impairments: "diabetes with peripheral neuropathy; adhesive capsulitis of right shoulder; fibromyalgia; iritis; obesity; anxiety; and depression.  (20 [C.F.R. §§] 404.1520(c) and 416.920(c))."  (*Id.* at 18).  At step three, the ALJ determined that Plaintiff "does not

3

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> to perform work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; frequent operation of foot controls; occasional climbing of ramps or stairs, but may never climb ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent forward and lateral reaching with the right upper extremity; occasional overhead reaching with the right upper extremity; frequent bilateral handling and fingering; no exposure to hazardous machinery or unprotected heights; must avoid exposure, except incidental, to extreme bright lighting like stage lighting, headlights, and bright inspection lights, but normal office and home lighting is acceptable; no fast-paced production; low stress work defined as only occasional decision-making, only occasional changes in the work setting, and frequent interaction with coworkers, supervisors, and the public.

(*Id.* at 22). The ALJ also determined that Plaintiff "is unable to perform any past relevant work (20 [C.F.R. §§] 404.1565 and 416.965)." (*Id.* at 28).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 [C.F.R. §§] 404.1569, 404.1569(a), 416.969 and 416.969(a))." (*Id.* at 29). Specifically, the ALJ, relying on

Vocational Expert ("VE") testimony, found that Plaintiff could perform the following jobs that exist in significant numbers in the national economy:  Hotel Housekeeper (DOT# 323.687-014); Merchandise Maker (DOT# 209.587-034); and Box Office Cashier (DOT# 211.467-030).  (*Id.* at 29-30).  For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from September 18, 2017, through the date of this decision (20 [C.F.R. §§] 404.1520(g) and 416.920(g))."  (*Id.* at 30).

## IV.    Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates

against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

## V.      Analysis

On appeal, Plaintiff raises one issue.  As stated by the parties, the issue is:

> Whether the ALJ erred with respect to his evaluation
> of the psychological opinion evidence.

(Doc. 21 at 18).  The Court addresses the issue below.

More particularly, Plaintiff contends that "[t]he opinions of Dr. Freudenthal, Plaintiff's psychologist, met [Plaintiff's] burden to show that he is 'disabled' as defined by the Agency." (*Id.* at 20 (emphasis omitted)).  In support, Plaintiff begins by discussing the legal authorities governing this issue.  (*See id.* at 18-19).  Essentially, Plaintiff asserts that the SSA's new regulations, applicable to claims filed on or after March 27, 2017, "tracks with" Eleventh Circuit precedent because the factors in 20 C.F.R. § 404.1520c are the same factors described in the treating physician rule.  (*See id.* at 18-19, 19 n.10).  Further, Plaintiff maintains that the ALJ must build "an accurate and logical bridge between the evidence and his findings" and "investigate the facts and develop the arguments both for and against granting benefits." (*Id.* at 19 (internal quotations and citations omitted)).

Plaintiff then compares Dr. Freudenthal's opinions to the SSA's regulations and to the VE's testimony to demonstrate that Plaintiff has met his burden to show that he is disabled. (*See id.* at 20-21 (citations omitted)). Plaintiff essentially argues that when medical opinions are improperly discredited, resulting in an RFC finding and a hypothetical that do not have all the necessary limitations, substantial evidence cannot support the ALJ's decision. (*See id.* at 21-22 (citations omitted)).

"Having established the significance of Dr. Freudenthal's opinions," Plaintiff then addresses the ALJ's decision itself. (*Id.* at 22). Plaintiff notes the ALJ's finding that Dr. Freudenthal's opinions is inconsistent with (1) "the generally normal objective findings psychiatrically" of Plaintiff's primary care providers, rheumatologist, orthopedist, and emergency room provider; (2) Dr. Freudenthal's own objective findings; and (3) Plaintiff's ability to drive commercially for Lyft and Uber. (*Id.* at 22-23 (citing Tr. at 28)). Plaintiff highlights that "[t]he ALJ found the opinions of the State Agency's psychological consultants unpersuasive for the same reasons." (*Id.* at 23 (citing Tr. at 27)). Yet, Plaintiff asserts that the ALJ's reasoning for finding Dr. Freudenthal's opinions unpersuasive are "contrary to law and not supported by substantial evidence." (*Id.*).

Plaintiff contends that because the ALJ found "the only opinions regarding Plaintiff's mental impairments . . . equally persuasive," he was required to consider all factors listed in 20 C.F.R. § 404.1520c, including treating relationship and specialty. (*Id.*). Second, Plaintiff contends that the ALJ failed to reasonably or logically bridge the ALJ's reasons for finding the opinions unpersuasive to the

evidence.  (*Id.* at 23-24 (citation omitted)).  In support, Plaintiff highlights:  (1) Dr. Freudenthal's findings; (2) that Dr. Freudenthal is the only psychologist to have actually examined Plaintiff; and (3) that Dr. Freudenthal is the only medical source to have performed a complete mental status examination.  (*Id.* (citations omitted)).  Further, Plaintiff notes that Dr. Freudenthal referenced his observations in his opinions and argues that nothing in the record contradicts these observations.  (*Id.* at 24).  Thus, Plaintiff asserts that the ALJ "based [his findings] on his own lay interpretation of the raw medical data."  (*Id.* at 24-25 (citation omitted)).  Finally, Plaintiff asserts that the ALJ failed to explain why Dr. Freudenthal's objective findings were not supportive of his opinions.  (*Id.* at 25 (citations omitted)).

Moreover, Plaintiff essentially argues that because Dr. Freudenthal's observations regarding Plaintiff's physical impairments are consistent with the record and because Dr. Freudenthal linked the exacerbations of Plaintiff's physical impairments with the exacerbations of his mental impairments, the opinion is persuasive.  (*See id.* at 25-26 (citations omitted)).  Plaintiff highlights the ALJ's observation at the hearing that "Dr. Freudenthal's narrative letter was 'pretty thorough' and that it 'appear[ed] he [is] well aware of not only [Plaintiff's] mental health issues that they discussed but also the physical [issues].'"  (*Id.* (quoting Tr. at 45) (alterations in original)).

Further, Plaintiff in essence argues that the ALJ erred in relying on non-mental health specialists' normal objective findings psychiatrically.  (*Id.* at 26 (citing Tr. at 28)).  Nevertheless, Plaintiff maintains that some of his treating providers

noted abnormal psychological findings.  (*Id.* (citing Tr. at 643, 653)).  As to those who noted normal psychological findings, however, Plaintiff reasserts that these providers are not psychologists and did not perform complete mental status examinations.  (*Id.*).

Next, Plaintiff asserts that if the ALJ had questions about Dr. Freudenthal's findings – in light of the ALJ's notation that Dr. Freudenthal does not take formal notes during sessions – the ALJ should have sought clarification from Dr. Freudenthal before rejecting the opinions.  (*Id.* at 26-27 (citing 20 C.F.R. § 404.1520(b))).

Finally, Plaintiff argues that his part-time driving for Lyft and Uber does not undermine Dr. Freudenthal's opinions because (1) it does not constitute substantial gainful activity and (2) "the work activity itself, Plaintiff's testimony about it, Dr. Freudenthal's observations and assessments regarding the effect even part-time work has on his functioning. . . are consistent only with the conclusion that Plaintiff cannot work a full-time schedule."  (*Id.* at 27-28).

In sum, Plaintiff argues that:  (1) the ALJ failed to build a bridge between the evidence and his findings; (2) Dr. Freudenthal's opinions demonstrate that Plaintiff is disabled; (3) the ALJ rejected Dr. Freudenthal's opinions "based on a combination of misstated facts, conclusions not justified by the facts . . . and his own lay interpretation of the evidence;" and (4) substantial evidence does not support the ALJ's finding that Dr. Freudenthal's opinions are unpersuasive.  (*Id.* at 28-29). Accordingly, Plaintiff maintains that remand is warranted.  (*Id.*).

In response, Defendant argues that "[t]he ALJ properly considered Dr. Freudenthal's opinion[s] in accordance with the agency's new regulations." (*Id.* at 29 (emphasis omitted)).  In support, Defendant begins by arguing that the new regulations for evaluating medical evidence differ substantially from the prior regulations, and that the new regulations apply in Plaintiff's case. (*Id.*).  Defendant discusses the changes under the new regulations. (*Id.* at 29-34).  Defendant specifically asserts that the regulations did not retain the treating source rule and explains the new standard. (*See id.* at 29-33).  Ultimately, Defendant maintains that the new regulatory framework governs Plaintiff's case, regardless of prior standards. (*Id.* at 34-37).

Turning to the specifics of the case, Defendant argues that Plaintiff's argument "goes against the plain reading of the new regulations, and substantial evidence supports the ALJ's finding that Dr. Freudenthal's opinion[s are] persuasive." (*Id.* at 38).  In support, Defendant maintains that under the new regulations the ALJ only needs to discuss the factors in 20 C.F.R. §§ 404.1520c(c)(3)-(5) and 416.920c(c)(3)-(5) if two or more opinions can reasonably be found to be persuasive. (*Id.* (citing 20 C.F.R. §§ 404.1520c(b)(3) and 416.920c(b)(3))).  Defendant essentially argues that because the ALJ found both Dr. Freudenthal's and the state agency psychological consultants' opinions unsupported by and inconsistent with the record, the ALJ was not required to discuss the remaining factors. (*See id.* at 38-39).  Defendant further argues that it would not make sense to require the ALJ to discuss the remaining factors because even if a particular factor weighed in favor of an opinion, "it could

not change the fact that the ALJ found the opinion[s] to be unsupported . . . and inconsistent." (*Id.* at 39-40).

Moreover, Defendant contends that that substantial evidence supports the ALJ's finding that Dr. Freudenthal's opinions are unpersuasive. (*See id.* at 40). In support, Defendant summarizes Dr. Freudenthal's opinions and the ALJ's reasons for finding the opinions unpersuasive. (*See id.* at 40-43). Defendant specifically addresses the records cited by the ALJ to show that Dr. Freudenthal's opinions are: (1) unsupported by the objective findings in his mental status examination or by contemporaneous psychotherapy notes; (2) inconsistent with the evidence from other medical sources; and (3) are inconsistent with Plaintiff's ability to drive for Uber and Lyft. (*See id.* at 41-43). Defendant also maintains that to the extent Plaintiff cites other evidence to show that Dr. Freudenthal's findings are supported, this does not require remand. (*See id.* at 43).

Finally, Defendant contends that Plaintiff's argument that "this Court should find Dr. Freudenthal's opinions persuasive because Dr. Freudenthal is a mental health specialist in contrast to Plaintiff's other medical providers" would require the Court to reweigh the evidence, which it cannot do. (*Id.* (citations omitted)).

In sum, Defendant maintains that the ALJ properly considered Dr. Freudenthal's medical opinions in accordance with the new regulations and substantial evidence supports his finding that the opinions are unpersuasive. (*Id.* at 43-44 (citations omitted)). Accordingly, Defendant argues that the decision should be affirmed. (*Id.* at 44 (citations omitted)).

The Social Security Administration revised its regulations regarding the consideration of medical evidence, with those revisions applicable to all claims filed after March 27, 2017.  *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Plaintiff filed his claim on January 5, 2018, (Tr. at 15), the revised regulations apply, *see* 20 C.F.R. §§ 404.1520c, 416.920c.  The regulations require that an ALJ apply the same factors in the consideration of opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

In contrast, under Eleventh Circuit precedent, the "treating source rule" requires the ALJ to afford "[t]he opinion of a treating physician . . . substantial or considerable weight unless 'good cause' is shown to the contrary."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

At present, a question remains as to whether the Social Security Administration's 2017 revised regulations override the Eleventh Circuit's treating source rule.  *Compare Bevis v. Comm'r of Soc. Sec.*, No. 6:20-cv-579-LRH, 2021 WL 3418815, at *6 (M.D. Fla. Aug. 5, 2021) ("Given the absence of any binding or persuasive guidance from the Court of Appeals, the Court is not willing to go as far as the Commissioner suggests and find that cases applying the 'good cause' standard are no longer good law, particularly given that *Winschel* [*v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011)] remains binding Eleventh Circuit precedent."), *with Douglas v. Saul*, No. 4:20-cv-00822-CLM, 2021 WL 2188198, at *4 (N.D. Ala. May

28, 2021) ("[Based on the application of *Chevron* and *Brand X*,] the court will apply the 2017 regulations – not the treating physician rule – to the ALJ's evaluation of the opinion evidence."), *and Stemple v. Kijakazi*, No. 1:20-cv-485, 2021 WL 4060411, at *6 (N.D. Ohio Sept. 7, 2021) (collecting cases in support of the same proposition).

Here, Plaintiff argues that the factors found in 20 C.F.R. § 404.1520c(c)(3)-(5) are the same as the previous "treating physician rule" in 20 C.F.R. § 404.1527(c). (*See* Doc. 21 at 18-19). Similarly, Plaintiff appears to suggest that the new regulations are consistent with the Eleventh Circuit's treating physician rule. (*See id.* at 19 n.10). Defendant disagrees. (*See id.* at 30-32). Nonetheless, because the result remains the same under both standards, the Court need not resolve the conflict.

First, under the revised regulations, as to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain how those two factors are considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations themselves do not require the ALJ to explain the consideration of each

opinion from the same source.  20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).  The

regulations state:

> [W]hen a medical source provides multiple medical
> opinion(s) or prior administrative medical finding(s), we
> will articulate how we considered the medical opinions or
> prior administrative medical findings from that medical
> source together in a single analysis using the factors listed
> in paragraphs (c)(1) through (c)(5) of this section, as
> appropriate.  We are not required to articulate how we
> considered each medical opinion or prior administrative
> medical finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, because supportability and consistency are the most important

factors, the ALJ must explain how he considered these factors.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  It is generally within the ALJ's discretion, however,

whether to explain how he considered the remaining factors.  *Id.*  Nevertheless, if the

ALJ finds that two or more medical opinions "are both equally well-supported and

consistent with the record but are not exactly the same," the ALJ must articulate

how he considered the remaining factors found in paragraphs (c)(3) through (c)(5).

20 C.F.R. § 404.1520c(b)(3) (internal citations omitted); 20 C.F.R. § 416.920c(b)(3)

(internal citations omitted).

Overall, supportability relates to the extent to which a medical source has

articulated support for the medical source's own opinion, while consistency relates to

the relationship between a medical source's opinion and other evidence within the

record.  *See* 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  Put differently, the

ALJ's analysis considers whether the medical source's opinion is (1) supported by

the source's own records and (2) consistent with the other evidence of record. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

Second, under Eleventh Circuit precedent, the ALJ must show "good cause" to discredit the opinion of a treating physician. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quotations omitted) (citing *Phillips*, 357 F.3d at 1241). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440.

In evaluating the persuasiveness of Dr. Freudenthal's opinions, the ALJ specifically noted that the opinions were "markedly inconsistent" with the other evidence of record, inconsistent with Dr. Freudenthal's "initial, and only, objective findings," and "markedly inconsistent" with Plaintiff's ability to drive commercially. (*See* Tr. at 28). The ALJ also noted that Plaintiff testified that Dr. Freudenthal does not keep treatment notes or make objective findings. (*Id.*). Moreover, the ALJ cited

specific medical records to support his determination.  (*See id.* (citing Tr. at 40, 416-510, 515, 511-616, 617-40, 644-58, 643, 661-62, 670-71, 673-96)).

In a letter to the SSA, Dr. Freudenthal opined that Plaintiff's mental impairments worsen intermittently and without warning by an exacerbation of his physical impairments to such an extent that granting disability is the "only humane avenue left to improve his life."  (*Id.* at 703-04).  In that letter, Dr. Freudenthal noted that Plaintiff "might be able to perform one, maybe two days of solid work.  But the next day or two he is so drained mentaly [sic] and physically that he is unable to get out of bed for the next day or two."  (*Id.* at 703).  Additionally, in a mental RFC questionnaire, Dr. Freudenthal opined that Plaintiff had primarily moderate limitations in "social interaction," moderate to extreme limitations in "sustained concentration and persistence," and mild to extreme limitations in "adaptation," that Plaintiff's condition would likely deteriorate if he is placed under job related stress, and that Plaintiff can manage his own funds.  (*Id.* at 698-701).[2]  Finally, in a Treating Source Mental Status Report, dated March 16, 2018, Dr. Freudenthal opined that

---

[2]  The Court pauses to note that the ALJ misstated the severity of the limitations found in several of Dr. Freudenthal's opinions.  (*See* Tr. at 28 (citing Tr. at 697-701)).  However, because the ALJ believed that Dr. Freudenthal's opinions found greater limitations on Plaintiff than they did, the Court finds the error harmless.  *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).  Additionally, Plaintiff did not assert this as a basis for remand.

Plaintiff "cannot do more than 1 to 2 hours of work before [his] medical condition impimes [sic][3] on him and he shuts down due to pain." (*Id.* at 642).

In considering the above opinions, the ALJ found that "Dr. Freudenthal's opinions are generally inconsistent with the medical evidence of record, for instance, Dr. Freudenthal's opinions are markedly inconsistent with the generally normal objective findings psychiatrically by the claimant's primary care providers Dr. Oyeyipo, Ms. Garling, and Dr. Thomas, as [addressed previously in the decision]." (*Id.* at 29 (citing Tr. at 416-510, 511-616, 617-40, 644-58, 673-96)). Those "generally normal objective findings psychiatrically," specifically addressed by the ALJ throughout the RFC narrative, include: (1) Dr. Olumide Oyeyipo MD's June 3, 2017 findings that Plaintiff was "well developed, well-nourished, and in no acute distress," to "be alert, cooperative[, and to have a] normal mood, normal affect, normal attention span, normal concentration," (*id.* at 23 (citing Tr. at 467-68)); (2) Ms. Robin Garling, PA-C's September 20, 2017 findings that Plaintiff "was essentially normal in all aspects," (*id.* (citing Tr. at 434)); (3) Dr. Jerry Thomas, MD's April 17, 2018 findings that Plaintiff was "not anxious, not restless, [and] oriented times three," (*id.* (citing Tr. at 651-53)); (4) Dr. Thomas, MD's April 30, 2018 findings that Plaintiff was "not anxious, not restless, [and] oriented times three," (*id.* (citing Tr. at 646-48)); and (5) Dr. Thomas, MD's August 7, 2018 findings

---

[3] The ALJ interpreted this word as "imposes." (Tr. at 28). Defendant interprets it as "impinges." (Doc. 21 at 41). Plaintiff does not address the word.

that Plaintiff was "alert, not in acute stress, [and] well developed," (*id.* at 23-24 (citing Tr. at 676)).

The ALJ also noted that Dr. Freudenthal's opinions were inconsistent with the findings of Plaintiff's rheumatologist, orthopedist, and emergency room provider, as discussed previously in the ALJ's decision.  (*Id.* at 28).  Specifically, the ALJ found the opinions to be inconsistent with (1) Plaintiff's rheumatologist, who found Plaintiff "to be normal psychiatrically," (*id.* at 26 (citing Tr. at 515)); (2) Plaintiff's orthopedist, who found Plaintiff "to have a normal mood, normal affect, and be oriented times three," (*id.* (citing Tr. at 661-62)); and (3) Plaintiff's emergency room provider, who found Plaintiff "to be oriented, appeared well developed, have a normal mood, normal affect, normal behavior, [and] normal thought content," (*id.* (citing Tr. at 670-71)).

Additionally, the ALJ found Dr. Freudenthal's opinions to be unsupported by[4] his own initial and only objective findings.  (*Id.* at 28).  Specifically, the ALJ highlighted that Dr. Freudenthal found, in part, that Plaintiff had "goal directed thought process, appropriate thought content, fair memory, poor

---

[4]  The ALJ actually found the opinions to be "inconsistent with" Dr. Freudenthal's own findings.  (Tr. at 28).  As defined in the new regulations, however, a determination of whether a medical source has articulated support for the medical source's own opinion, is a question of supportability rather than consistency.  *See* 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The Court, therefore, construes the ALJ's findings related to the "inconsistency" between Dr. Freudenthal's own findings and his opinions as a finding that the opinions are unsupported by Dr. Freudenthal's own findings.  As will be discussed fully, *see infra* note 5, the Court finds the ALJ's error harmless.

attention/concentration, good insight, and good judgment." (*Id.* at 28 (citing Tr. at 643)). The ALJ had previously discussed these findings in more detail, noting that Dr. Freudenthal found that Plaintiff "had an appropriate general appearance, was oriented in all ways, had a cooperative attitude, normal speech, an affect that was anxious, labile, and sad, a mood that was depressed and anxious, goal directed thought process, appropriate thought content, fair memory, poor attention/concentration, good insight, and good judgment." (*Id.* at 25, 26 (citing Tr. at 643)). The ALJ also noted that Plaintiff testified that Dr. Freudenthal did not keep treatment notes or make objective findings. (*Id.* at 28 (citing Tr. at 45)).

Finally, the ALJ found the opinions to be "markedly inconsistent with [Plaintiff's] ability to drive for Uber and Lyft," as previously discussed in the ALJ's decision. (*Id.* (citing Tr. at 39-41)). The ALJ had previously discussed Plaintiff's testimony in more detail, noting that Plaintiff testified that "he gets along with his customers and has a rating of 4.92 out of 5 with Lyft customers and a 5 out of 5 rating with Uber customers." (*Id.* at 26 (citing Tr. at 40)).

Importantly, the ALJ found the opinions of the state agency reviewing psychologists at the initial and reconsideration levels – "who opined that [Plaintiff] could perform simple tasks with adequate levels of concentration, persistence, and pace and that he would likely have intermittent problems with more complex task completion" – unpersuasive for similar reasons. (*Id.* at 27-28).

Upon review of the record, the Court finds that the evidence cited by the ALJ constitutes substantial evidence to support his finding that Dr. Freudenthal's

opinions were unsupported by his own objective findings and inconsistent with the other evidence of record.  (*See id.* at 39-41, 45, 434, 467-68, 515, 643, 646-48, 651-53, 661-62, 670-71, 676).[5]  Specifically, the Court finds that the ALJ considered the extreme limitations imposed by Dr. Freudenthal's opinions and determined that such grave limitations were not consistent with the record as a whole.  (*See id.*).  Additionally, the Court finds that the ALJ's notation that Dr. Freudenthal does not keep contemporaneous records bolsters a finding that the opinions are unsupported by his own records.  (*See id.* at 28).

In light of this, the Court finds unavailing Plaintiff's argument that the ALJ did not build a logical bridge between his finding and the evidence.  (*See* Doc. 21 at 23-25).  The ALJ is under no obligation to "bridge" every piece of evidence he finds inconsistent with a specific opinion.  In fact, the regulations suggest the opposite.  *See* C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).  Specifically, as noted above, the

---

[5] Although not argued by Plaintiff, the Court notes that the ALJ did not explicitly use the word "supportability" when assessing the persuasiveness of Dr. Freudenthal's opinions.  As noted above, however, supportability relates to the extent to which a medical source *has articulated support for the medical source's own opinion*, while consistency relates to the *relationship between a medical source's opinion and other evidence within the record*.  *See* 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  Because the ALJ found that the opinions were inconsistent with Dr. Freudenthal's only objective findings at the initial examination and that he did not keep treatment notes or make objective findings throughout the treatment, (*see* Tr. at 28), the ALJ properly assessed supportability.  Thus, to the extent the ALJ may have erred in failing to use the word "supportability," the Court finds the error harmless because the ALJ nonetheless assessed the factor.  *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

regulations do not require the ALJ to explain his consideration of the consistency and supportability of each opinion from the same source individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Ultimately, the Court finds that the ALJ fully and explicitly addressed the basis for his finding that Dr. Freudenthal's opinions were unpersuasive. (Tr. at 28; *see also* Tr. at 24-27). Nothing requires the ALJ to discuss every piece of evidence so long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review. *See Dyer v. Barnhart,* 395 F.3d 1206, 1211 (11th Cir. 2005); *see also* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Finally, upon review of the ALJ decision as a whole and as set forth above, it is clear to the Court what evidence the ALJ found to be inconsistent with or lacking support for Dr. Freudenthal's opinions. (*See* Tr. at 22-28).

Furthermore, to the extent Plaintiff asserts that certain of Dr. Freudenthal's objective findings support his opinions, (*see* Doc. 21 at 24-25), the Court finds the argument unpersuasive. First, the Court notes that the ALJ specifically addressed these findings when summarizing Dr. Freudenthal's mental status examination notes. (*See* Tr. at 26). Second, the mere fact that other evidence of record supports a different conclusion does not require remand. Indeed, it is the ALJ's job to evaluate and weigh evidence and to resolve any conflicts in the record. "In reviewing an ALJ's decision, [the Court] may not decide the facts anew, make credibility determination[s], or re-weigh the evidence, and [the Court] must affirm the ALJ's findings if they are supported by substantial evidence, even if the evidence preponderates against them." *Jones v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 507,

21

508 (11th Cir. 2017) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782

(11th Cir. 2014); *Winschel v. Comm'r., Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir.

2011)).

The same reasoning applies to Plaintiff's argument that some findings by

Plaintiff's other providers are consistent with and bolster Dr. Freudenthal's opinions.

(*See* Doc. 21 at 26).  Specifically, simply because other evidence of record supports a

different conclusion does not require remand.  It is the ALJ's job to evaluate and

weigh evidence and to resolve any conflicts in the record and the ALJ properly did so

here.  *See Jones*, 695 F. App'x at 508 (citations omitted).

Additionally, the Court is not persuaded by Plaintiff's argument that the ALJ

erred in finding Plaintiff's ability to drive for Uber and Lyft inconsistent with Dr.

Freudenthal's opinions.  (*See* Doc. 21 at 27-28).  The ALJ specifically noted that the

opinions were "markedly inconsistent with the claimant's ability to drive

commercially for Uber and Lyft, as [previously discussed in the decision.]"  (Tr. at

28).  As noted above, previously in the decision the ALJ noted that Plaintiff testified

that "he gets along with his customers and has a rating of 4.92 out of 5 with Lyft

customers and a 5 out of 5 rating with Uber customers."  (*Id.* at 26 (citing Tr. at 40)).

Plaintiff's testimony that he gets along with his customers and has a high rating is

clearly inconsistent with Dr. Freudenthal's opinion the Plaintiff has primarily

moderate limitations in "social interaction."  (*See id.* at 698-99).

Moreover, as to Plaintiff's argument that the ALJ erred in rejecting Dr.

Freudenthal's opinions based on their inconsistency with "the generally normal

objective findings psychiatrically" of providers who are not mental health specialists, (*see* Doc. 21 at 26), the Court is likewise unpersuaded.  First, the Court notes that Plaintiff cites no legal authority to support his contention that the ALJ cannot consider the consistency of an opinion by a mental health specialist with the objective psychiatric findings of a non-mental health specialist.  (*See id.*).  Furthermore, while specialty is one factor that the ALJ may consider in assessing the persuasiveness of an opinion, supportability and consistency are more important.  20 C.F.R. §§ 404.1520c(b), 416.920c(b).  Finally, the ALJ did not rely exclusively on the objective psychiatric findings of the non-mental health specialists.  (*See* Tr. at 28).  Rather, the ALJ found Dr. Freudenthal's opinions to be unsupported by and inconsistent with the evidence of record as a whole, including, but not limited to Plaintiff's other providers.  (*Id.*).  In so finding, the ALJ also considered the supportability and consistency of Dr. Freudenthal's own objective findings and Plaintiff's testimony.  (*Id.*).  Thus, even if the ALJ had erred, the error would be harmless because the ALJ nonetheless found that the opinions were unsupported by Dr. Freudenthal's own findings and inconsistent with Plaintiff's testimony.  *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

As to Plaintiff's argument that the ALJ erred in failing to address the remaining factors in 20 C.F.R. § 404.1520c(c)(3)-(5), (*see* Doc. 21 at 23), the Court is not persuaded.  Specifically, Plaintiff appears to assert that because the ALJ found Dr. Freudenthal's and the state agency psychologists' opinions equally persuasive –

or rather equally unpersuasive – the ALJ was required to address the additional factors contained within 20 C.F.R. § 404.1520c(c)(3)-(5).  (*See* Doc. 21 at 23). Although the parties did not cite, and the Court has not found, any decisions by or within the Eleventh Circuit addressing this specific issue, the plain language of the regulation does not support Plaintiff's position.  *See* 20 C.F.R. § 404.1520c(b)(3) ("When we find that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . ., we will articulate how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section . . . ."); *see also* 20 C.F.R. § 416.920c(b)(3) (same).  Based on the plain language of the regulation, the obligation to address the additional factors only arises when multiple opinions are equally *well-supported* and *consistent*.  *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).  Thus, because the ALJ found both Dr. Freudenthal's and the state agency psychologists' opinions to be equally unsupported and inconsistent, he was under no obligation to address the remaining factors.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see also* 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

This finding is supported by court decisions from outside the Eleventh Circuit. Specifically, courts outside the Eleventh Circuit that have had the opportunity to consider Plaintiff's interpretation have rejected it.  *See Serowski v. Comm'r of Soc. Sec.*, No. 1:19-CV-2761, 2020 WL 6383187, at *12 (N.D. Ohio Oct. 30, 2020); *Pittman v. Saul*, No. 2:20-CV-00093-KS-JCG, 2021 WL 3719144, at *4 (S.D. Miss. July 1, 2021), *report and recommendation adopted,* No. 2:20-CV-93-KS-JCG, 2021 WL

3713455 (S.D. Miss. Aug. 20, 2021).  Based on the lack of authority by or within the

Eleventh Circuit, the Court finds the reasoning in these cases persuasive.  For

example, one jurist in the Northern District of Ohio concluded that finding the ALJ

was not required to further explain why she found two inconsistent and unsupported

opinions to be unpersuasive "ma[de] sense" because:

> [w]hen an ALJ concludes that multiple opinions are both
> consistent and supported, the duty to build an accurate
> bridge between the evidence and the result would require
> the ALJ to provide an additional explanation articulating
> why the ALJ chose to favor limitations from one of the
> opinions over conflicting limitations in a different opinion.
> But, as in this case, when the ALJ has already explained
> that the opinion at issue was *unsupported* and/or *inconsistent*,
> she has also satisfied any obligation to explain why any
> limitations from that opinion were not incorporated into the
> ultimate RFC finding.

*Serowski*, 2020 WL 6383187, at *12 (internal citations omitted; emphasis in original).

This Court agrees.  Accordingly, for the reasons stated above, the Court finds

Plaintiff's interpretation of 20 C.F.R. § 404.1520c(b)(3) unpersuasive.

Finally, the Court finds unavailing Plaintiff's argument that the ALJ erred by

not seeking clarification on any medical questions before rejecting Dr. Freudenthal's

opinions.  (*See* Doc. 26 at 26-27).  Nothing in the ALJ's discussion of Dr.

Freudenthal's findings and opinions suggests that the ALJ had medical questions

about Dr. Freudenthal's opinions.  (*See* Tr. at 26-27, 28).  Rather, the ALJ simply

identified that Dr. Freudenthal did not take contemporaneous notes during sessions

as additional support for the ALJ's finding that Dr. Freudenthal's opinions were

unsupported by Dr. Freudenthal's own notes.  (*See id*. at 28).

In sum, the Court finds that the ALJ comprehensively analyzed the supportability and consistency of Dr. Freudenthal's opinions when assessing their persuasiveness as required by 20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c. Additionally, the Court finds that the ALJ's determination of the persuasiveness of Dr. Freudenthal's opinions is supported by substantial evidence within the record. Further, even considering Dr. Freudenthal's status as a treating physician, the ALJ clearly articulated good cause for discrediting Dr. Freudenthal's opinions when the ALJ showed that the opinions were inconsistent with the other evidence of record and unsupported by Dr. Freudenthal's own mental status examination or notes.

## VI.     Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ's decision is due to be affirmed.  Accordingly, the Court **ORDERS** that:

1.      The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.      The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 20, 2021.

_____
Mac R. McCoy
United States Magistrate Judge


Copies furnished to:

Counsel of Record
Unrepresented Parties